UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

SHIMON FELBERBAUM, : Civil Action No.:
:
                      Plaintiff, :
:
     vs. :
: COMPLAINT FOR VIOLATIONS OF THE
EQUIFAX INFORMATION SERVICES, : FAIR CREDIT REPORTING ACT
LLC, EXPERIAN INFORMATION :
SOLUTIONS, INC., AMERICAN EXPRESS : <u>DEMAND FOR JURY TRIAL</u>
CO. and BANK OF AMERICA, N.A., :
:
                    Defendants. :
:
:

---------------------------------------------------------------x

Plaintiff Shimon Felberbaum ("Plaintiff") brings this action on an individual basis for damages under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), seeking statutory and other damages against defendants named herein, and alleges based upon the personal knowledge of Plaintiff, the investigation of counsel and upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff suffered harm as a result of false and inaccurate information published by defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc., consumer reporting agencies ("CRAs") as defined under 15 U.S.C. § 1681a(f) (collectively, "CRA Defendants").

2. Through the publication of consumer background reports, as that term is defined by 15 U.S.C. § 1681a(d), CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown – including the improper reporting of Plaintiff's account balances and past due amounts with respect to accounts issued by defendants American Express Co. ("Amex") and Bank of America, N.A. ("BANA") (collectively, "Furnisher Defendants").

3. Despite receiving letters from Plaintiff, or notice thereof, disputing the account balances and improper past due amounts, both CRA Defendants and Furnisher Defendants (collectively, "Defendants") willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information and failed to, at a minimum, mark the accounts as disputed.

4. Egregiously, CRA Defendants failed to delete the inaccurate information notwithstanding the fact that Plaintiff *disputed the materially misleading inaccuracies in writing* via CRA Defendants' established mechanisms and procedures to dispute consumer credit information.

5. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, CRA Defendants were required to mark the status of the tradelines/accounts as disputed on the consumer's background reports, but many failed to do so.

6. Furnisher Defendants received notice from CRA Defendants that Plaintiff disputed the inaccuracies alleged herein on Plaintiff's consumer background reports. Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information within 30 to 45 days and failed to mark some of the accounts as disputed.

7. Defendants willfully, intentionally, recklessly and negligently failed to do any of the above actions in violation of the FCRA, § 1681 *et seq*. of Title 15 of the United States Code, including § 1681e(b), which obligated CRA Defendants to instate and follow reasonable procedures and policies to ensure maximum possible accuracy in consumer background reports. Further, CRA Defendants willfully, intentionally, recklessly and negligently violated 15 U.S.C. § 1681i, which required them to perform a reasonable investigation to remove the inaccurate information after receiving Plaintiff's dispute letters. After receiving notice of Plaintiff's disputes from CRA Defendants, Furnisher Defendants failed to conduct a reasonable investigation with respect to the disputed information in violation of 15 U.S.C. § 1681s-2(b) and many failed to mark some of the accounts as disputed.

8. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' misconduct. Defendants' erroneous reporting of inaccurate

information in Plaintiff's consumer background reports continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of erroneous credit reports.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p, which states that "[a]n action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy…"

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

**Plaintiff**

11. Plaintiff Joseph Niyazov is a resident of Brooklyn, NY and qualifies as a "consumer" as that term is defined under 15 U.S.C. § 1681a(c). Plaintiff is an individual (and not an entity).

**Defendants**

12. Defendant Equifax Information Services, LLC is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Equifax has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309, is registered to do business in the State of New York, and may be served with process upon The Corporation Service Company, its registered agent for service of process at 80 State Street, Albany, NY, 12207. Defendant Equifax Information Services, LLC is a subsidiary of Equifax, Inc. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f) as it disburses consumer background reports by contractual agreement for remuneration to third parties.

13. Defendant Experian Information Solutions, Inc. is a consumer reporting agency that regularly conducts business in this judicial district. Defendant Experian has a principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation, its registered agent for service of process at 111 8th Avenue, New York, NY, 10011. Defendant qualifies as a "consumer reporting agency" under 15 U.S.C. § 1681a(f) as it disburses consumer background reports by contractual agreement for remuneration to third parties.

14. Defendant American Express Company is a publicly traded, globally integrated payments company that provides customers and businesses around the world with access to financial products and services, including charge and credit card products. Amex has its principal place of business located in this judicial district at 200 Vesey Street, New York, NY 10285. Defendant Amex qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b).

15. Defendant Bank of America, N.A. is a subsidiary of Bank of America Corp., one of the world's largest financial institutions with its investment banking division located in New York, New York – serving individual consumers, small and middle market businesses, institutional investors, large corporations, and governments, with a full range of banking, investing, asset management, and other financial and risk management products and services. BANA offers products to consumers and small businesses across the United States, including credit and debit cards. In addition to earning net interest spread revenue on its lending activities, BANA generates interchange revenue from credit and debit card transactions, late fees, cash advance fees, annual credit card fees, mortgage banking fee income, and other miscellaneous fees. Defendant BANA

qualifies as a "furnisher" of credit information as that term is used in 15 U.S.C. § 1681s-2(b) and has a principal place of business located at 100 N. Tryon Street, Charlotte, NC 28255.

## SUBSTANTIVE ALLEGATIONS

**The FCRA**

16. As described below, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681(a) states as follows:

> "The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

17. The FCRA mandates CRAs to adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. CRA Defendants compile, maintain and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character and general reputation. That information is then made available for use by third parties in credit transactions involving

consumers. Plaintiff and consumers have a legally protected interest in CRA Defendants fulfilling their respective duties under the FCRA, so that the information reported and maintained by Defendants is done fairly, to support maximum levels of confidentiality, accuracy and relevancy.

19. Furnishers, after receiving notice of a consumer's dispute from a CRA that information was inaccurate are required to conduct a reasonable investigation with respect to the disputed information. When and if appropriate, furnishers are obligated to remove any inaccurate information following the performance of the reasonable investigation. At a minimum, furnishers and CRAs are required to mark the status of the tradeline/account as disputed on the consumer's background reports.

**Amex**

20. CRA Defendants issued consumer background reports concerning Plaintiff that included inaccurate information as to the account balance and past due amount in connection with an Amex card account. Specifically, although the account was charged off, CRA Defendants and Amex reported an amount past due that was less than the balance that was charged off.

21. These errors materially and adversely affected Plaintiff's perceived creditworthiness in numerous ways. They created the misleading impression that Plaintiff's Amex account was still open, and that any recent delinquencies were more recent. In addition, this reporting caused lenders to believe that Plaintiff was currently delinquent, even though the account was already closed.

22. On November 17, 2019, Plaintiff sent a letter to CRA Defendants disputing the accuracy of the reporting of the Amex account.

23. It is reasonable to infer that CRA Defendants notified Defendant Amex about Plaintiff's disputes, as required by federal statute. Nevertheless, Amex failed to conduct a reasonable investigation with respect to the balance and amount past due regarding the Amex

account on Plaintiff's consumer background reports. Had Amex conducted an investigation, it would have determined that the amount past due should have mirrored the outstanding balance at the time the account was charged off.

**BANA**

24. Equifax issued background reports concerning Plaintiff containing inaccurate information regarding the balance on Plaintiff's BANA account.

25. On November 17, 2019, Plaintiff sent a letter to Equifax disputing the accuracy of the reporting of the BANA account. It is reasonable to infer that Equifax notified BANA about Plaintiff's dispute, as required by federal statute.

26. Despite such notice, Equifax and BANA failed to mark the disputed account as disputed.

**Plaintiff suffered harm from CRA Defendants' willful, intentional, reckless and/or negligent misconduct**

27. CRA Defendants have been reporting inaccurate information about Plaintiff's consumer background to numerous credit companies and persons, both known and unknown, through the publication of consumer background reports.

28. The inaccurate information includes the nature of at least one of Plaintiff's tradelines/accounts as well as personal identifying information, including Plaintiff's accounts with Amex and BANA.

29. This inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer and Plaintiff's overall credit worthiness. After noticing the inaccuracies reported by CRA Defendants, Plaintiff disputed the inaccuracies in writing via CRA Defendants' established mechanisms and procedures to dispute consumer credit information. Despite being placed on notice of the inaccuracies, CRA Defendants

have sent Plaintiff correspondence indicating their intent to continue reporting the inaccurate information and the inaccurate information continues to be published in Plaintiff's consumer background reports.

30. Upon information and belief, CRA Defendants contacted Furnisher Defendants and notified them of the dispute. As part of any reasonable or even rudimentary investigation or re-investigation, CRA Defendants should have sent all the relevant evidence/facts to Furnisher Defendants and further contacted other third parties that would have been able to corroborate the facts averred in Plaintiff's dispute. CRA Defendants should have also requested information from these companies, including credit applications and other relevant documents and things, and/or contacted Plaintiff to follow up with additional information requests. CRA Defendants willfully, intentionally, recklessly and negligently failed to take any of these steps subsequent to Plaintiff's disputes, failed to perform any reasonable investigation and ultimately failed to remove the inaccurate information.

**CRA Defendants failed to maintain adequate policies and procedures**

31. CRA Defendants systematically violated the FCRA by failing to adhere to and maintain reasonable procedures to assure the maximum possible accuracy of information in the consumer background reports they publish.

32. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, CRA Defendants were required to mark the status of the tradelines/accounts as disputed on the consumer's background reports, but many of them failed to do so.

33. CRA Defendants failed to take any of these steps in violation of the FCRA, and Plaintiff is entitled to damages. Plaintiff has suffered actual damages through harm to Plaintiff's consumer background reputation and overall credit score, by missing credit opportunities, and by being denied the ability to procure additional credit.

**CAUSES OF ACTION**
**COUNT I**

**Against CRA Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681e and 1681i**

34. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

35. The relevant subparts for FCRA claims under 15 U.S.C. § 1681e is 15 U.S.C. § 1681e(b). More specifically, 15 U.S.C. § 1681e(b) requires that:

> *Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure **maximum possible accuracy** of the information concerning the individual about whom the report relates.*

36. Under 15 U.S.C. § 1681i, *inter alia*:

> (a) Reinvestigations of Disputed Information
>
> (1) Reinvestigation Required
>
> *In general.* …if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency **is disputed by the consumer** and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, ***the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information***, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.
>
> (2) Prompt Notice of Dispute to Furnisher of Information
>
> (A) *In general.* **Before the expiration of the 5-business-day period** beginning on the date on which a consumer reporting agency receives notice of a dispute from any consumer or a reseller in accordance with paragraph (1), ***the agency shall provide***

> *notification of the dispute to any person who provided any item of information in dispute, at the address and in the manner established with the person*. The notice shall include all relevant information regarding the dispute that the agency has received from the consumer or reseller.

(Emphasis added).

37. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background reports. Plaintiff disputed the inaccurate information and still CRA Defendants willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

38. Further, Equifax failed to mark Plaintiff's BANA account as disputed.

39. In violation of §§ 1681n and 1681o, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury and is, therefore liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT II

**Against Furnisher Defendants for Violations of the FCRA, 15 U.S.C. §§ 1681s-2(b)**

40. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

41. Under 15 U.S.C. § 1681s-2(b), *inter alia*:

> After receiving notice pursuant to 15 U.S.C. § 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) *conduct an investigation with respect to disputed information*;

(B) review all relevant information provided by the consumer reporting agency pursuant to § 1681i(a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency; [and]

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information…

(Emphasis added).

42. Furnisher Defendants failed to conduct a timely and reasonable investigation of Plaintiff's dispute after receiving notice from CRA Defendants concerning Plaintiff's disputes. Furnisher Defendants have further willfully, intentionally, recklessly and/or negligently continued to report such inaccurate information to CRA Defendants.

43. Further, BANA, Santander, and TD Bank failed to mark Plaintiff's accounts as disputed, despite Plaintiff having disputed such accounts.

44. Instead of removing the inaccurate information, Furnisher Defendants improperly claimed that the inaccurate information is verified and verified the inaccurate information to CRA Defendants in response to Plaintiff's disputes.

45. Furnisher Defendants' conduct was a direct and proximate cause in causing the damages suffered by Plaintiff. As a result of Furnisher Defendants' misconduct complained about herein, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score and emotional distress.

46. As a result of Furnisher Defendants' misconduct, Plaintiff is entitled to statutory, actual and punitive damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

A. awarding Plaintiff statutory money damages, actual damages and punitive damages, including pre-judgment and post-judgment interest;

B. awarding attorneys' fees and costs, and other relief; and

C. awarding such other relief as to this Court may seem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: June 19, 2020

**COHEN & MIZRAHI LLP**
EDWARD Y. KROUB

/s/ Edward Y. Kroub
EDWARD Y. KROUB

DANIEL C. COHEN
EDWARD Y. KROUB
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
Telephone: 929/575-4175
929/575-4195 (fax)
dan@cml.legal
edward@cml.legal

*Attorneys for Plaintiff*